GABRIELLE CORUM,

        *Plaintiff*,

v.

BRUNSON INSTRUMENT COMPANY,
Serve at:
8000 E 23rd Street
Kansas City, Missouri 64129

and

OMNI HUMAN RESOURCE
MANAGEMENT,
Serve at:
8700 Indian Creek Pkwy, Suite 250
Overland Park, KS 66210

        *Defendants.*

Case No.
Division No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Gabrielle Corum by and through her undersigned counsel and for her Complaint states:

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Gabrielle Corum ("Plaintiff") is an individual residing in Belton, Missouri

2.    Defendant Brunson Instrument Company ("Brunson") is a Missouri corporation with its principal place of business located at 8000 E 23rd Street, Kansas City, Missouri 64129. Service of process can be had upon this defendant at the above listed address.

3. Defendant OMNI Human Resource Management ("OMNI") is a Kansas corporation with its principal place of business located at 8700 Indian Creek Parkway, Suite 250, Overland Park, KS 66210. Service of process can be had upon this defendant at the above listed address.

4. Jurisdiction and venue are proper in this Court. Among other facts, Plaintiff resides in Missouri, Brunson employed Plaintiff in Missouri, all relevant events occurred in Missouri, and all claims for relief arose from Plaintiff's employment with Brunson in Missouri.

<u>FACTUAL ALLEGATIONS</u>

5. Plaintiff was employed by Defendant Brunson as an assembler for approximately 2 years.

6. During her time at Brunson, Plaintiff was subjected to sexual harassment by her male coworkers and male superiors.

7. While she was initially training for her position by Jesus Prado, Plaintiff was constantly harassed by him.

8. Jesus would constantly ask Plaintiff to dance for him for money, and nag her to go on dates with him.

9. Jesus also made comments to Plaintiff about her physical appearance, such as saying things like, "I like your chest."

10. Jesus also told Plaintiff on multiple occasions that he wanted to replace his wife with her.

11. Jesus' behavior then began to escalate to the point of hitting Plaintiff's buttocks with shipping materials and pinching her thighs while he passed her.

2

12. Plaintiff continuously expressed her discomfort to Jesus but he persisted.

13. Plaintiff also expressed her discomfort to her supervisor, Craig Grant, who brushed these concerns off.

14. Another coworker, John, worked in the department next to Plaintiff's and would continuously make comments about Plaintiff's weight to her.

15. John also called Plaintiff, "my little girlfriend," and would make comments about how Plaintiff should wear her hair at work because it was "too distracting for other workers."

16. Plaintiff continuously expressed her discomfort to John about his comments but he continued to make them.

17. Plaintiff also informed Craig about John's behavior but nothing was ever done.

18. Gabriel, another male coworker of Plaintiff, would bring gifts to her at work and make her take them in front of their male coworkers.

19. Plaintiff told Craig about Gabriel's actions and expressed that they made her feel uncomfortable, but Craig never addressed it.

20. Plaintiff began to give up her allotted breaks at work to avoid these uncomfortable interactions with her male coworkers.

21. During her employment with Defendant Brunson, Plaintiff's job responsibilities included ensuring inventory was entered correctly and that quality products were shipped out of the facility.

3

22. On June 27, 2022, Plaintiff returned to her work station after taking a bathroom break to find a damaged stand in her department.

23. Plaintiff inquired of the coworkers in her department about the stand, but no one was aware of where it came from or what to do with it.

24. Plaintiff then went to Bill Pruitt, in shipping, to inquire about the stand. Plaintiff asked Bill if the stand was taken out of inventory and if it was still supposed to be shipped.

25. During this interaction, another male coworker, Keith, walked up to Plaintiff and aggressively took hold of her right wrist, turning her away from Bill, and grabbed her other wrist so they were facing one another.

26. Keith began to scream in Plaintiff's face and was aggressively shaking her, while holding onto her wrists.

27. After this encounter, Plaintiff went to Craig and his supervisor, Mike, to tell them what happened with Keith.

28. Plaintiff did not feel safe working as a woman in this environment.

29. Craig and Mike then placed Plaintiff in an all-glass office for two hours on the assembly floor while Nancy Miller, the HR representative from Defendant OMNI, came to the plant to interview Plaintiff for her complaint.

30. During these two hours, Plaintiff was subjected to sitting in this office alone while her perpetrators glared at her through the glass.

4

31.     Plaintiff believed this treatment was retaliation by Craig and Mike due to her reporting her male coworkers, and them needing to get their HR representative involved.

32.     Plaintiff was forced to give her entire statement to Nancy in this fishbowl office while her male coworkers watched and tried to intimidate her.

33.     Among other things, Nancy told Plaintiff that she should expect this type of harassment.

34.     During the interview, Nancy paraphrased Plaintiff's words back to her in a misleading and incomplete way.

35.     Following the interview, Defendant Brunson refused to reprimand any of the individuals who harassed and/or had physically assaulted Plaintiff.

36.     Plaintiff did not feel safe returning to work, knowing this harassment would continue.

37.     Plaintiff has suffered damages, including but not limited to loss of pay, loss of benefits, and emotional distress, as a result of Defendants' actions.

38.     Plaintiff filed a timely charge with the EEOC; this charge is attached to this Complaint as an exhibit and is deemed incorporated in this Complaint as if fully set forth in full here.

39.     The EEOC has now completed its administrative processing and issued Plaintiff a right-to-sue letter.

40. Plaintiff brings this action to stand up against discrimination and unlawful treatment in the workplace, and recover just compensation for Defendants' actions.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT – SEX DISCRIMINATION
### (Against all Defendants)

41. Plaintiff incorporates by reference his allegations in the foregoing paragraphs as though fully set forth herein.

42. Plaintiff was an employee and Brunson as an employer, within the meaning of the Civil Rights Act.

43. Brunson employed OMNI to manage their company's human resource matters.

44. Defendants engaged in sexual harassment by directing and/or tolerating sexual comments toward Plaintiff.

45. Defendants treated Plaintiff worse than they treated her male counterparts.

46. Defendants discriminated against Plaintiff in the terms and conditions of her work, and subjected her to a hostile work environment.

47. Plaintiff's sex was the motivating factor in Defendant's actions.

48. Plaintiff has suffered damages, including but not limited to loss of pay and benefits, and emotional distress.

6

49.     Punitive damages are justified because Defendants intentionally harmed Plaintiff, and managerial agents committed, authorized, or ratified the discriminatory acts, and/or were reckless in allowing other agents to commit them.

50.     Plaintiff respectfully requests that this Court adjudge Defendants liable for sex discrimination in violation of the Title VII of the Civil Rights Act, and grant all relief allowed under the law, as sets forth in the Prayer in this Complaint.

## COUNT II – RETALIATION
### (Against all Defendants)

51.     Plaintiff incorporates each and every other paragraph of this Complaint as if fully set forth here.

52.     Plaintiff engaged in protected activity in that she opposed actual and/or reasonably-suspected discriminatory acts when she told her superiors at Brunson that she felt she was being retaliated against and harassed by other employees for speaking up against them for harassing and discriminatory behavior.

53.     Defendants thereafter retaliated against Plaintiff by

54.     Plaintiff's protected activity was the motivating factor in Defendants' actions.

55.     Plaintiff has suffered damages, including but not limited to loss of pay and benefits, and emotional distress.

56.     Punitive damages are justified because Defendants intentionally harmed Plaintiff, and managerial agents committed, authorized, or ratified the discriminatory acts, and/or were reckless in allowing other agents to commit them.

7

57.     Plaintiff respectfully requests that this Court adjudge Defendants liable for retaliation in violation of the Civil Rights Act, and grant all relief allowed under the law, as set forth in the Prayer in this Complaint.

## PRAYER FOR RELIEF

Plaintiff respectfully prays that this Court grant her the following relief in an amount that is fair and reasonable, and is believed to be in excess of $75,000.00:

1.     Actual damages, including both economic and non-economic damages, including emotional distress damages;

2.     Nominal and/or statutory damages;

3.     Punitive damages;

4.     Pre-judgment and post-judgment interest at the maximum legal rate;

5.     Declaratory and injunctive relief including backpay, reinstatement and/or frontpay, an order barring Defendants from further violations of the law, and adjustment of any amounts awarded for taxation;

6.     The costs of this action;

7.     Reasonable attorney's fees, expenses, and expert fees to the extent permitted by law; and

8.     Any other and further legal and/or equitable relief that this Court deems just and proper.

Respectfully submitted,

JOSEPH, HOLLANDER & CRAFT LLC

By:   /s/ Andrew J. Goodwin
      Andrew J. Goodwin (65343)
      agoodwin@josephhollander.com
      Matthew A. Johnston (71955)
      mjohnston@josephhollander.com
      926 Cherry St., Suite 200
      Kansas City, Missouri 64106
      T: (816) 297-0800
      F: (816) 787-1379
      *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues so triable herein.

/s/ Andrew J. Goodwin
Attorney for Plaintiff

9